IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HEATHER GREEN | : |
| | : C.A. No. 1:18-cv-00284-VAC-CJB |
| Plaintiff, | : |
| | : JURY TRIAL DEMANDED |
| v. | : |
| | : |
| JAMES STANTON and TIMOTHY B. CLARK | : |
| | : |
| Defendants. | : |

## FIRST AMENDED COMPLAINT

AND NOW, Plaintiff, Heather Green, by and through her undersigned counsel, Patrick K. Gibson, Esquire, hereby demands judgment against Defendants, James Stanton and Timothy B. Clark, for the reasons and in the amounts set forth below, and in support thereof, avers as follows:

### PARTIES

1. Plaintiff, Heather Green, (hereinafter "Plaintiff") is an adult individual and resident of the State of Delaware, currently residing at 5158 N. Dupont Parkway, Smyrna, Delaware 19977.

2. Defendant, James Stanton (hereinafter "Lt. Stanton"), is an adult individual and employee of the Delaware Department of Correction (hereinafter the "DOC"), with the rank of Lieutenant, who participated in the violations described herein . At all times relevant and material hereto, Lt. Stanton was acting under color of state law.

3. Defendant, Timothy B. Clark (hereinafter "Cpl. Clark"), is an adult individual and employee of DOC, with the rank of Corporal, who participated in the violations described herein. At all times relevant and material hereto, Cpl. Clark was acting under color of state law.

## JURISDICTION AND VENUE

4. This Honorable Court has subject-matter jurisdiction over this claim pursuant to 28 U.S.C. § 1331 (federal-question jurisdiction), 42 U.S.C. § 1983 (deprivation of civil rights), 42 U.S.C. § 1988 (proceedings in vindication of civil rights), and 28 U.S.C. § 1367(a) (supplemental jurisdiction).

5. Venue in the District of Delaware is appropriate pursuant to 28 U.S.C. §§ 1391(b)(1) and (2), in that all Defendants reside or transact business in this District and all of the events and omissions giving rise to this claim occurred in this District.

## FACTS

6. In August of 2017, Plaintiff was arrested by the Delaware State Police and subsequently charged with unlawful use of a payment card pursuant to 11 *Del. C.* § 903 and violation of probation pursuant to 11 *Del. C.* § 4334.

7. On September 21, 2017, Plaintiff was incarcerated at the Baylor Women's Correctional Institute (hereinafter "Baylor"), located at 660 Baylor Boulevard, New Castle, Delaware 19720 to await disposition of her pending criminal case.

8. Baylor is owned and operated by the DOC and at all times relevant and material hereto, Plaintiff was under the care, custody, and control of the DOC and Baylor.

9. Since birth and at all times relevant and material hereto, Plaintiff has suffered from a severe form of scoliosis which has left her spine in an "S" shape.

10. Plaintiff's scoliosis is a severe medical condition which limits and affects her ability to ambulate, stand for prolonged periods, and negatively impacts muscle strength and stamina.

11. Plaintiff's scoliosis is so severe that her condition is easily visible – even to the untrained layperson.

12. Upon being incarcerated at Baylor, Plaintiff fell under the care of medical personnel, under contract with the DOC, who ordered Plaintiff to undergo physical therapy for her condition and issued certain restrictions for Plaintiff's incarceration, including providing access to a handicapped accessible cell.

13. While the DOC's medical contractors ordered certain treatments and accommodations for Plaintiff's medical condition, upon information and belief, they did not issue a directive that Plaintiff not be placed in ankle shackles during her period of confinement.

14. During her term of pre-trial incarceration, Plaintiff was routinely transported from Baylor to the Leonard L. Williams Justice Center (the "Justice Center") in New Castle, Delaware for proceedings in the Superior Court of Delaware.

15. On said occasions, Plaintiff and other Baylor inmates were driven to the Justice Center by Correctional Officers Corporal Michael J. Burton (hereinafter "Cpl. Burton") and Corporal Rebekah Cain (hereinafter "Cpl. Cain").

16. Healthy inmates are routinely placed in ankle shackles during transport.

17. Due to Plaintiff's physical limitations, Cpl. Burton and Cpl. Cain did not consider her a danger to their safety or a flight risk.

18. Cpl. Burton and Cpl. Cain did not place Plaintiff in ankle shackles due to her serious medical condition. They believed that use of ankle shackles on Plaintiff would further reduce her mobility and create an unnecessary risk that she might fall and harm herself.

19. On October 17, 2017, Plaintiff travelled to the Justice Center for a court proceeding.

20. In keeping with their prior practices, Cpl. Burton and Cpl. Cain did not place Plaintiff in ankle shackles.

21. Upon arriving at the Justice Center's holding cells on October 17, 2017, Lt. Stanton, who upon information and belief was the officer in charge, ordered Cpl. Burton and Cpl. Cain to place Plaintiff in ankle shackles.

22. Cpl. Burton and Cpl. Cain initially protested arguing that Plaintiff's medical condition eliminated her ability to attempt to flee from custody and that placing Plaintiff in ankle shackles created a dangerous condition.

23. Despite her obvious physical limitations and the verbal opposition of Cpl. Burton and Cpl. Cain, Lt. Stanton ordered the placement of ankle shackles on Plaintiff.

24. Cpl. Burton and Cpl. Cain reluctantly complied with Lt. Stanton's directive and placed Plaintiff in ankle shackles, while apologizing to Plaintiff for doing so.

25. After completing an interview, Cpl. Clark escorted Plaintiff back to the holding cells at the Justice Center.

26. Due to the nature of her medical condition, Plaintiff was unable to walk in the ankle shackles and fell down onto her left side – causing severe injuries to Plaintiff's lower back, left knee, and left arm.

27. Upon information and belief DOC protocol requires a correctional officer to escort and walk alongside prisoners in ankle shackles, to prevent prisoners from attempting to escape and so that the officer can catch an inmate who trips and falls – particularly for inmates such as Plaintiff who have medical conditions that make ambulating difficult.

28. Cpl. Clark was assigned to escort the Plaintiff while she travelled within the Justice Center on October 17, 2017.

29. However, Cpl. Clark was not escorting and/or walking alongside Plaintiff as required.

30. Thus, when Plaintiff tripped due to her inability to walk in the ankle shackles, no one was present to prevent her from falling.

31. After falling outside the holding cell, Cpl. Clark and Cpl. Cain attempted to pick up the Plaintiff, who lost her footing and fell again.

32. Eventually, Cpl. Clark and Cpl. Cain successfully picked up Plaintiff and she was transported back to Baylor for medical evaluation.

33. Plaintiff spent over one (1) week in Baylor's infirmary in agonizing pain.

34. After the incident on October 17, 2017 at the Justice Center, medical personnel, under contract with DOC, and/or other DOC officials ordered that Plaintiff not be placed in ankle shackles for the duration of her confinement at Baylor.

35. After pleading guilty to the charges against her, Plaintiff was released from Baylor on November 8, 2017 having been sentenced to time-served.

36. The decision by Lt. Stanton to place Plaintiff in ankle shackles constituted an unlawful and unnecessary use of force in violation of the Eighth Amendment to the United States Constitution's prohibition against cruel and unusual punishment.

37. The decision by Lt. Stanton to place Plaintiff in ankle shackles constituted a deliberate indifference to a serious medical need in violation of the Eighth Amendment to the United States Constitution's prohibition against cruel and unusual punishment.

38. The decision by Lt. Stanton to place Plaintiff in ankle shackles constituted a deliberate indifference to an inhumane prison condition that exposed Plaintiff to an unreasonable risk of serious harm in violation of the Eighth Amendment to the United States Constitution's prohibition against cruel and unusual punishment.

39. The decision by Cpl. Clark, not to follow DOC protocol and escort the Plaintiff as she left the holding cell area constituted a deliberate indifference to a serious medical need in violation of the Eighth Amendment to the United States Constitution's prohibition against cruel and unusual punishment.

40. The decision by Cpl. Clark, not to follow DOC protocol and escort the Plaintiff as she left the holding cell constituted a deliberate indifference to an inhumane prison condition that exposed Plaintiff to an unreasonable risk of serious harm in violation of the Eighth Amendment to the United States Constitution's prohibition against cruel and unusual punishment.

41. The aforementioned actions and omissions by Lt. Stanton and Cpl. Clark constituted a conscious disregard of Plaintiff's basic human needs, including reasonable safety, and incarceration under such conditions was a violation of the Eighth Amendment to the United States Constitution's prohibition against cruel and unusual punishment.

42. The injuries Plaintiff sustained in her fall on October 17, 2017 were the direct and proximate cause of the aforementioned use of excessive force by Lt. Stanton, the deliberate indifference to Plaintiff's serious medical needs by Lt. Stanton and Cpl. Clark, and the deliberate

indifference to an inhumane prison condition that exposed Plaintiff to an unreasonable risk of serious harm by Lt. Stanton and Cpl. Clark.

43. The injuries Plaintiff sustained in her fall on October 17, 2017 constitute a violation of 42 U.S.C. § 1983 and the Eighth Amendment to the United States Constitution's prohibition against cruel and unusual punishment.

44. The injuries Plaintiff sustained in her fall on October 17, 2017 at the Justice Center resulted in significant pain, suffering, and emotional distress.

45. As a result of the injuries she sustained in her fall on October 17, 2017 at the Justice Center, Plaintiff has incurred, and will continue to incur, significant out-of-pocket expenses for medical treatment and care.

46. As a result of the injuries she sustained in her fall on October 17, 2017 at the Justice Center, Plaintiff has suffered a loss of enjoyment of life and life's pleasures, an inability to perform her daily habits and pursuits, inconvenience associated with continual medical treatment, and major modifications of all aspects of her life.

47. As a result of the injuries she sustained in her fall on October 17, 2017 at the Justice Center, Plaintiff may be rendered permanently disabled, resulting in significant future loss of earnings or earning capacity.

**COUNT I – VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983 AND 42 U.S.C. § 1988**
<u>**Heather Green v. James Stanton**</u>

48. Plaintiff incorporates by reference the allegations contained in the aforesaid paragraphs as if same were set forth fully at-length herein.

49. Lt. Stanton in his individual capacity and acting under the color of state law has deprived Plaintiff of her civil, constitutional, and statutory rights under the Eighth and

Fourteenth Amendments to the United States Constitution, specifically the right to be free of cruel and unusual punishment.

50. The decision by Lt. Stanton to place Plaintiff in ankle shackles on October 17, 2017 at the Justice Center constituted an unlawful and unnecessary use of force in violation of the Eighth Amendment to the United States Constitution's prohibition against cruel and unusual punishment.

51. The decision by Lt. Stanton to place Plaintiff in ankle shackles on October 17, 2017 at the Justice Center constituted a deliberate indifference to a serious medical need in violation of the Eighth Amendment to the United States Constitution's prohibition against cruel and unusual punishment.

52. The decision by Lt. Stanton to place Plaintiff in ankle shackles on October 17, 2017 at the Justice Center constituted a deliberate indifference to an inhumane prison condition that exposed Plaintiff to an unreasonable risk of serious harm in violation of the Eighth Amendment to the United States Constitution's prohibition against cruel and unusual punishment.

53. As a direct and proximate cause of the foregoing violations of her civil rights, Plaintiff suffered injuries and damages including but not limited to severe personal injuries some or all of which may be permanent; significant pain, suffering, and emotional distress; significant out-of-pocket expenses for medical treatment and care; and loss of enjoyment of life and life's pleasures, an inability to perform her daily habits and pursuits, inconvenience associated with continual medical treatment, and major modifications of all aspects of her life.

WHEREFORE, Plaintiff, Heather Green, respectfully demands Judgment in her favor and against Defendant, James Stanton, jointly and severally, for compensatory damages in an

amount in excess of Fifty Thousand Dollars ($50,000.00), together with pre and post judgment interest, costs and attorneys' fees pursuant to 42 U.S.C. § 1988, and such other relief deemed appropriate by the Court or jury.

**COUNT II – VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983 AND 42 U.S.C. § 1988**
**Heather Green v. Timothy B. Clark**

54. Plaintiff incorporates by reference the allegations contained in the aforesaid paragraphs as if same were set forth fully at-length herein.

55. Cpl. Clark in his individual capacity and acting under the color of state law has deprived Plaintiff of her civil, constitutional, and statutory rights under the Eighth and Fourteenth Amendments to the United States Constitution, specifically the right to be free of cruel and unusual punishment.

56. The decision by Cpl. Clark, not to follow DOC protocol and escort the Plaintiff as she left the holding cell area on October 17, 2017 at the Justice Center constituted a deliberate indifference to a serious medical need in violation of the Eighth Amendment to the United States Constitution's prohibition against cruel and unusual punishment.

57. The decision by Cpl. Clark, not to follow DOC protocol and escort the Plaintiff as she left the holding cell area on October 17, 2017 at the Justice Center constituted a deliberate indifference to an inhumane prison condition that exposed Plaintiff to an unreasonable risk of serious harm in violation of the Eighth Amendment to the United States Constitution's prohibition against cruel and unusual punishment.

58. As a direct and proximate cause of the foregoing violations of her civil rights, Plaintiff suffered injuries and damages including but not limited to severe personal injuries some or all of which may be permanent; significant pain, suffering, and emotional distress; significant

out-of-pocket expenses for medical treatment and care; and loss of enjoyment of life and life's pleasures, an inability to perform her daily habits and pursuits, inconvenience associated with continual medical treatment, and major modifications of all aspects of her life.

WHEREFORE, Plaintiff, Heather Green, respectfully demands Judgment in her favor and against Defendant, Timothy B. Clark, jointly and severally, for compensatory damages in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with pre and post judgment interest, costs and attorneys' fees pursuant to 42 U.S.C. § 1988, and such other relief deemed appropriate by the Court or jury.

### COUNT III – NEGLIGENCE/GROSS NEGLIGENCE
### Heather Green v. James Stanton

59. Plaintiff incorporates by reference the allegations contained in the aforesaid paragraphs as if same were set forth fully at-length herein.

60. At all times relevant and material hereto, Lt. Stanton owed a common law duty of care to all individuals under his or her care, custody, and control – including Plaintiff – to refrain from committing any grossly negligent acts and/or omissions which threaten the safety of those under his or her care, custody, and control.

61. Given her serious medical condition and its effect on her ability to ambulate, the decision by Lt. Stanton to place Plaintiff in ankle shackles on October 17, 2017 at the Justice Center constituted a grossly negligent disregard to Plaintiff's medial needs and the obvious risk that she would trip, fall, and injure herself.

62. The aforementioned conduct by Lt. Stanton constituted a breach of the duty of care owed to Plaintiff.

63. As a direct and proximate cause of the foregoing grossly negligent conduct, Plaintiff suffered injuries and damages including but not limited to severe personal injuries some

or all of which may be permanent; significant pain, suffering, and emotional distress; significant out-of-pocket expenses for medical treatment and care; and loss of enjoyment of life and life's pleasures, an inability to perform her daily habits and pursuits, inconvenience associated with continual medical treatment, and major modifications of all aspects of her life.

WHEREFORE, Plaintiff, Heather Green, respectfully demands Judgment in her favor and against Defendant, James Stanton, jointly and severally, for compensatory damages in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with pre and post judgment interest, and such other relief deemed appropriate by the Court or jury.

### COUNT IV – NEGLIGENCE/GROSS NEGLIGENCE
### Heather Green v. Timothy B. Clark

64. Plaintiff incorporates by reference the allegations contained in the aforesaid paragraphs as if same were set forth fully at-length herein.

65. At all times relevant and material hereto, Cpl. Clark owed a common law duty of care to all individuals under his or her care, custody, and control – including Plaintiff – to refrain from committing any grossly negligent acts and/or omissions which threaten the safety of those under his or her care, custody, and control.

66. Given her serious medical condition and its effect on her ability to ambulate, the decision by Cpl. Clark, not to follow DOC protocol and escort the Plaintiff as she left the holding cell area on October 17, 2017 at the Justice Center constituted a grossly negligent disregard to Plaintiff's medial needs and the obvious risk that she would trip, fall, and injure herself.

67. The aforementioned conduct by Cpl. Clark constituted a breach of the duty of care owed to Plaintiff.

68. As a direct and proximate cause of the foregoing grossly negligent conduct, Plaintiff suffered injuries and damages including but not limited to severe personal injuries some

11

or all of which may be permanent; significant pain, suffering, and emotional distress; significant out-of-pocket expenses for medical treatment and care; and loss of enjoyment of life and life's pleasures, an inability to perform her daily habits and pursuits, inconvenience associated with continual medical treatment, and major modifications of all aspects of her life.

WHEREFORE, Plaintiff, Heather Green, hereby respectfully demands Judgment in her favor and against Defendant, Timothy B. Clark, jointly and severally, for compensatory damages in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with pre and post judgment interest, and such other relief deemed appropriate by the Court or jury.

Respectfully submitted,

**LAW OFFICES OF MICHAEL R. IPPOLITI**

_____
PATRICK K. GIBSON, ESQUIRE
DE Supreme Court ID, 6357
1225 N. King Street, Suite 900
Wilmington, DE 19801
(302) 428-1400
patrick@deworkercomp.com

Dated: July 6, 2018

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HEATHER GREEN<br><br>  Plaintiff,<br><br>v.<br><br>JAMES STANTON and TIMOTHY B. CLARK<br><br>  Defendants. | C.A. No. 1:18-cv-00284-VAC-CJB<br><br>JURY TRIAL DEMANDED |

## VERIFICATION

DECLARATION UNDER PENALTY OF PERJURY

I, Heather Green, the Plaintiff in the instant action, hereby declare under penalty of perjury – pursuant to 28 U.S.C. § 1746 and 18 U.S.C. § 1621 – that I have read the above First Amended Complaint and that the information contained in the complaint is true and accurate to the best of my knowledge information and belief.

7/3/18
Date

Heather Green